# CIVIL CASE PRACTICE GUIDELINES

The following are requirements that must be followed in all civil cases pending before District Judge Susan K. DeClercq. These requirements are roughly organized according to the stage of litigation: General Requirements, Initial Responses, Discovery, Alternative Dispute Resolution, Motions, Final Pretrial Conference, and Trial. **Additional instructions and requirements may be Ordered by the Court in any given case.**

## I.      General Requirements

**A.     Civility**

Counsel are encouraged to review and directed to comply with this District's Civility Principles. Conduct inconsistent with the letter, and spirit, of those principles will not be tolerated. Counsel will treat all litigation participants—and each other—with professionalism, courtesy, and respect at all times. This includes what is written as well as what is said.

**B.     Local Counsel**

Any attorney admitted to practice in the Eastern District of Michigan who appears as attorney of record and is not an active member of the State Bar of Michigan must specify local counsel with an office in this district. Local counsel must enter an appearance and otherwise comply with E.D. Mich. Local Rule 83.20(f). All inquiries regarding admission to this district should be directed to the Clerk's Office at (313) 234-5005.

**C.     Contacting the Court**

The Court accepts no *ex parte* communications. Counsel may contact the Case Manager or law clerks regarding procedural and scheduling matters only. Although chambers staff is happy to answer questions about chambers procedures, please consult this document, Judge DeClercq's Practice Guidelines, the Electronic Filing Policies and Procedures, the E.D. Mich. Local Rules, the case docket (if applicable), and the information on the Court's website before contacting Chambers with a question.

**D.     Status Conferences**

The Court schedules frequent status conferences to facilitate efficient case management.  If issues or disputes arise that the parties believe can be resolved short of motion practice, parties may request a status conference with the Court through

the Case Manager at any time. Do not wait until an issue becomes an emergency before contacting the Court. Status conferences may be conducted telephonically, via video conference, or in person.

**E.      Proposed and Stipulated Orders**

Proposed and stipulated orders should not be e-filed. Rather, they should be submitted to chambers through the document utilities feature of CM/ECF. See the Electronic Filing Policies Procedures on the Court's website. Submissions must be in Microsoft Word format. Electronic signatures must conform to the Electronic Filing Policies and Procedures.

Parties should expect that a stipulated order will not be entered for one to two days after submission, as the Court requires time to review and to approve them.

**F.      Redaction of Personally Identifiable Information**

Under Fed. R. Civ P. 5.2, the parties must redact certain personally identifiable information, including social security numbers and birth dates, from e filed papers. It is the parties' responsibility to comply with this rule, and neither the Clerk nor the Court reviews papers to ensure that no personal information has been made public.

**G.      Adjournments**

All requests to extend filing deadlines or to modify the scheduling order must be in writing and either (1) submitted by stipulation and proposed order if agreed upon or (2) filed by motion if not agreed upon. See [E.D. Mich. Local Rule 7.1(a)](#).

All requests to extend filing and submission deadlines **must provide either good cause or good cause and excusable neglect, as required**. See Fed. R. Civ. P. 6(b). All other requests to adjourn the scheduling order **must provide good cause**. See Fed. R. Civ. P. 16(b).

Adjournments based on the unavailability of witnesses will not be granted before or during trial. Please notify the Court if its intervention is necessary to secure witness attendance. Otherwise, witnesses must be available when called.

## II.      Initial Responses

**A.      Scheduling Conference**

After an Answer is filed, the Court routinely issues a Notice Directing Parties to Appear for Scheduling Conference and Establishing Discovery Plan Deadline (Phase I). If there is more than one named Defendant, the Court typically holds the scheduling conference after all Defendants have filed Answers, unless doing so would cause significant delay. In addition, if a Defendant has filed a motion to dismiss but others have answered, the Court will still hold a Scheduling Conference.

The parties must submit a Fed. R. Civ. P. 26(f) plan as described in the Notice at least 14 days before the initial Scheduling Conference. At the initial Scheduling Conference, the Court expects lead counsel to attend. The parties should be prepared to discuss (1) the case and the issues, (2) the Court's subject matter jurisdiction, (3) the parties' interest in alternative dispute resolution (ADR) including the specific type preferred, and (4) any other standard procedural or scheduling issues. The Court expects counsel to be prepared to exchange initial disclosures immediately after the Conference and to discuss ADR options with their clients before the Conference.

**B.     Seeking a Default**
A default judgment requires a two-step process that begins with a request for a Clerk's Entry of Default, accompanied by an affidavit setting forth certain information as set forth in E.D. Mich. Local Rule 55.1 and 55.2. Once the Clerk's Entry of Default is docketed, the requesting party must file a motion for Default Judgment with the Court.

### III.     Discovery

**A.     Early Discovery**
Although Fed. R. Civ. P. 26(d) prohibits Court-sanctioned discovery begin before the initial attorney conference, the Court encourages early discovery by agreement.

**B.     Discovery Cutoff and Extensions**
The Court typically allows parties to decide how long they want to complete discovery, but the established cutoff date will be **strictly enforced**. Extensions of discovery dates are rarely given and only for good cause shown.

**C.     Limitations on Filing Discovery**
Fed. R. Civ. P. 5(d) and E.D. Mich. Local Rule 26.2 prohibit filing with the Clerk any depositions, interrogatories, requests to produce documents, requests for admission, responses to such discovery material, and certificates of service—except

as provided in Local Rule 26.2. And disclosures made under Civil Rules 26(a)(1) and (2), the corresponding discovery requests, and responses may not be filed with the Clerk until they are used in the proceeding or the Court orders that they be filed under Local Rule 26.2.

D.  **Discovery Motions**

Discovery motions are due 30 days before the discovery cutoff date. **Please contact the Court by calling the Case Manager before filing a discovery motion—especially when the issue is non-response.** The Court typically handles discovery motions itself, but when appropriate, they may be referred to the magistrate judge for disposition. 28 U.S.C. § 636(b)(1)(A). Once a motion has been referred, all communication regarding that motion should be directed to the magistrate judge's chambers.

E.  **Protective Orders and Sealed Filings**

There are different rules for protective orders, see E.D. Mich. Local Rule 26.4, and sealed filings, see E.D. Mich. Local Rule 5.3. Do not confuse them.

Protective orders should generally be submitted by stipulation, and they should cover information that the parties agree is confidential or privileged. But a stipulated protective order will not be entered if it requires that any information be filed under seal. Each document or exhibit that a party wishes to file under seal will be reviewed independently under E.D. Mich. Local Rule 5.3.

IV.  **Motion Practice**

A.  **Motion Hearings**

Motions will be decided on the briefs unless the Court determines that oral argument would be necessary or helpful. If needed, the Case Manager will send out a notice of the hearing date. The hearing will focus on questions that the Court has, and parties are advised not to re-recite the arguments from their briefs without adding anything else.

B.  **Citations to the Court Record**

Parties must strictly comply with the Electronic Filing Policies and Procedures of the Eastern District of Michigan regarding the required citation format for referencing the court record in motions and briefs under Rule R6:

| TO REFERENCE: | CITATION FORM EXAMPLE: |
|---|---|
| A single page | PageID.234 |
| Multiple sequential pages | PageID.234-235 |
| Multiple pages that are not in succession | PageID.234, 238, 245 |

The citation form for any filing that references a portion of a different case record within the Eastern District of Michigan shall be preceded with the 13-character case number for that other case (e.g., 1:19-cv-59999 PageID.234).

### C.     Citations Generally

Each fact that a motion relies upon must be supported with citations to the pleadings, interrogatories, admissions, depositions, affidavits, or documentary exhibits. As to cited deposition testimony, counsel must attach the full transcript—even if only part of it is cited—and must identify specific pages where the underlying support is located. All specific references must be underlined or highlighted in the cited material. The full text of any unpublished source, including judicial opinions published only in a specialty reporter, should also be attached as an exhibit. There must be an index of the exhibits.

### D.     Briefing Schedule

The Court will not issue briefing schedules—even if a motion hearing is set before briefing is completed. The parties are directed to follow the timeframes and calculations provided by the Federal Rules of Civil Procedure and E.D. Mich. Local Rules. Failure to respond to a motion will result in the motion being treated as unopposed.

### E.     Courtesy Copies

The parties must provide the Court with a Judge's Copy of all motions and briefs, including all exhibits and cited cases. The Judge's Copy should be indexed and tabbed. In addition, on the Judge's Copy, the parties must highlight all relevant parts of the exhibits (e.g., deposition transcripts) and cases.

The Judge's courtesy copy must be sent through first-class mail the same day that the document is e-filed—unless it relates to a court proceeding scheduled within the next five days or otherwise requires the Court's immediate attention, in which case the chambers copy must be hand delivered to chambers on or before the morning of the business day after the document is e-filed

**F.     Prohibition on Embedded Motions**

Motions may not be included within or appended to a response or a reply, and under no circumstances may a motion be included within the text or footnotes of another motion. See E.D. Mich. Local Rule 7.1(d)(1).

**G.     Concurrence.**

Before filing a motion or submitting a stipulation, the movant must seek concurrence under E.D. Mich. Local Rule 7.1(a), engaging in a good faith effort to **meet or to have a real-time conversation** (via in-person, video, or telephone) with opposing counsel to attempt to obtain their agreement with the relief sought. Email exchanges fail this requirement, and the effort must be timely and prompt; conversations on the day of filing are typically inadequate. Should a concurrence seeking conference not occur, then the movant must explicitly detail the attempts made to initiate such dialogue. In addition, all motions must explicitly state that these concurrence seeking efforts were made and were unsuccessful. Failure to include this statement may result in costs and attorney's fees being taxed or the motion being denied or stricken. See E.D. Mich. LR 7.1(a)(3).

**H.     Requirements for Specific Types of Motions**

   1. TROs and Emergency Motions

The Court strictly follows Fed. R. Civ. P. 65 and E.D. Mich Local Rule 65.1. The Court rarely grants a temporary restraining order without notice to the opposing party. The parties should notify the Case Manager by telephone (313-234-5135) upon filing a motion for a temporary restraining order or for a preliminary injunction. The Court will typically hold a status conference soon after receiving notice of such a motion to arrange a briefing schedule and hearing date.

   2. Motions to Amend

In accordance with E.D. Mich. Local Rule 15.1, a party who moves to amend a pleading must attach the proposed amended pleading to the motion. The document must be redlined to show the proposed changes to the pleading.

   3. *Daubert* Motions

Motions that challenge the admissibility of expert witness testimony under Evidence Rules 702, 703, or 705 (i.e., *Daubert* motions) must include specific references to the witness's deposition and any other record material needed to establish the motion's foundation. The full text of any unpublished case citations should be filed with the Court as an appendix to the motion. The appendix must have an index. As to the cited deposition testimony, counsel must attach the full transcript—even if only part of it is cited. All specific references should be underlined or highlighted in the cited material. All citations in the brief must identify specific pages where the underlying support is located.

4. Summary Judgment Motions

No summary judgment motions may be filed before the end of discovery unless the Court grants leave to do so. No party may file more than one motion for summary judgment without leave of the Court. Challenges to multiple counts of a complaint, as well as challenges to multiple legal theories embedded within the same count, must be addressed in a single motion.

5. Motions *in Limine*

Motions *in limine* are to be filed by the deadline set in the scheduling order or any subsequent trial scheduling order. Such motions are not to recast issues previously presented in summary judgment or discovery motions. Rather, motions *in limine* serve the limited purpose of alerting the Court to significant evidentiary issues that should be addressed prior to trial. The Court will set an expedited briefing schedule to be completed before the Final Pretrial Conference. The Court will generally decide the motions at the Final Pretrial Conference but will exercise its discretion in deferring a decision until trial.

V. Alternative Dispute Resolution

A. Timing

The Court routinely holds or refers parties for a settlement conference/facilitated mediation at the end of fact discovery. If the case does not settle at that time, the Court will confer with counsel and issue dates for dispositive

motions through trial (Phase II). The parties are free to engage in other ADR any time and are encouraged to contact the Court for assistance to that end.

**B.      Settlement Conference with Judge DeClercq**

If scheduled for a settlement conference with Judge DeClercq, the parties must have discussed settlement, exchanged offers and figures, and submitted a Confidential Settlement Summary to the Court before the conference. See E.D. Mich. Local Rule 16.2(b)(12). Do not e-file it or serve it on opposing counsel.

The Confidential Settlement Summary must include (1) case name and docket number; (2) contact details for the submitting party and attorney; (3) client's name and title attending the conference; (4) pleaded damages, declaratory judgments, and injunction requests; (5) strategies for proving or countering damages; (6) discovery status and needs for realistic settlement discussions; (7) a chronological list of settlement offers with amounts; (8) a candid financial and nonmonetary evaluation from both sides to assess settlement feasibility; (9) a description of any ongoing or future party relationships; (10) sensitive topics; (11) potential personal conflicts among conference attendees; (12) identification of primary disputed factual and legal issues, including key issues that might facilitate or prevent settlement; (13) strengths and weaknesses of the case; (14) anticipated opposing arguments; (15) and litigation costs to date and estimated trial expenses and length.

At the conference, Judge DeClercq will likely focus on the applicable law and the facts that counsel learned during discovery. The parties are encouraged to assess the probability of different results and the associated economic implications. The parties are expected to deliver an oral case summary at the conference.

The settlement conference must be personally attended by:

    i.      Trial counsel for all parties;
    ii.     All parties who are natural persons;
    iii.    A representative for any other party; and
    iv.    A representative for any insurance carrier that has prosecuted or defended the case and has contractually reserved to itself the ability to settle the case.

Representatives must possess full authority to engage in settlement discussions, to agree upon a full and final settlement, and to dismiss the case.

If parties are not truly prepared to engage in meaningful settlement negotiations, counsel are directed to alert the Court and the date set for the Settlement Conference instead will be used for a Scheduling Conference to set dates beginning with the deadline to file dispositive motions and ending with trial. Similarly, if a settlement is not reached after good faith negotiation at the Settlement Conference, then the Court will hold a Scheduling Conference to set remaining dates. Accordingly, counsel should bring their calendar.

**C.    Settlement Conference with Magistrate Judge**

Parties wishing to have a settlement conference with a Magistrate Judge must inform the Court at the earliest possible time to ensure adequate time for referral and scheduling. Once the referral is made, the parties will direct all communication regarding scheduling and settlement practices to the Magistrate Judge's chambers.

**D.    Jurisdiction to Enforce Settlement Agreements**

The Court does not have inherent jurisdiction to enforce a settlement merely because it presided over the lawsuit that led to the settlement. Accordingly, if the parties wish the Court to retain jurisdiction to enforce a settlement agreement entered under Fed. R. Civ. P. 41(a)(2), it should be made part of the order of dismissal either by an express provision in the settlement agreement or by incorporating the terms of the settlement agreement in the order itself.

## VI.    Materials in Advance of Final Pretrial Conference

Unless specifically noted otherwise, all of the following materials must be submitted to directly to the Judge's chambers via an email to the Case Manager—not filed on the docket—**on the same date as the Proposed Joint Final Pretrial Order is due.**

**A.    Proposed Joint Final Pretrial Order**

The parties must meet and confer before the Final Pretrial Conference to finalize a succinct Proposed Joint Final Pretrial Order (JFPO) as well as all the submissions required in this Order. The JFPO must be approved and signed by counsel for all parties. Counsel for Plaintiff must attempt to schedule this conference well before the due date of the JFPO and must notify the Court immediately if another counsel fails to schedule or to participate in the conference.

An original and a copy of the Proposed JFPO must be submitted directly to Judge's chambers via email to the Case Manager—not filed on the docket. When the Court signs and files the JFPO, it will become an Order of the Court.

The following information details the required contents of the JFPO:

1. *Joint Concise Statement of Case*. This will be what is read to the jury during jury selection. If the parties do not agree on language, do not set forth separate "joint" statements; the Court will prepare something and allow the parties to object.

2. *Concise Statement of Plaintiff Claims*. This will include arguments and legal theories and will be the "Theory of Plaintiff's Case" Jury Instruction. (It may not be longer than three paragraphs.)

3. *Concise Statement of Defendant Claims*. This will include arguments and legal theories and will be the "Theory of Defendant's Case" Jury Instruction. (It may not be longer than three paragraphs.)

4. *Stipulated Facts*. Include jurisdictional facts. Write all the facts in numbered paragraphs, one per fact.

5. *Joint Issues of Fact to be litigated and Joint Issues of Law to be litigated*.

6. *Evidence Problems Likely to Arise at Trial*. Include all evidentiary objections, including those required under Fed. R. Civ. P. 26(a)(3)(B).

7. *Applicable Law*. Provide statute name and number.

8. *Witness List*. Each party must submit a list of all lay witnesses and expert witnesses whom it reasonably anticipates it will call to testify, specifying the (1) name and agency (if appropriate), (2) description of expected testimony, and (3) anticipated duration of direct examination. **All witnesses must testify in street clothes**. Counsel should not reiterate any earlier submitted Witness Lists; list only those witnesses whom you reasonably expect to call at trial, as follows:

    a. Plaintiff's Lay Witnesses

        1. Will Call
        2. May Call
    b. Plaintiff's Expert Witnesses
        1. Will Call
        2. May Call
    c. Defendants' Lay Witnesses
        1. Will Call
        2. May Call
    d. Defendant's Expert Witnesses
        1. Will Call
        2. May Call

In bench trials, counsel must provide the names of people whose sworn testimony they want to submit in writing. The writing must be submitted through Utilities at least one week before the Final Pretrial Conference. The Summary of Claims and Defenses section of the Trial Brief must contain all objections to such proposed written testimony.

9. *Deposition Evidence*. Identify all deposition testimony that will be read into the record during trial as substantive evidence. Summaries of deposition testimony may be received if there are no objections. To the extent possible, please resolve objections raised during depositions before the Final Pretrial Conference.

10. *Juror Expenses*. The JFPO must contain the following statement regarding assessment of juror expenses:

    *The parties and their counsel understand that under Local Rule 38.2, the expense to the United States of bringing jurors to the courthouse for a trial may be assessed to one or more of the parties or counsel if the jury trial does not begin as scheduled or the jurors are not used for that trial for any reason attributable to the parties or counsel. It is the policy of the Judicial Conference of the United States that last minute settlements and continuances that result in unnecessary juror fees and expenses be penalized by the assessment of costs against the responsible attorney or party. See also E.D. Mich. LR 40.2.*

**B.** *Voir Dire*

The Court will conduct the initial *voir dire*, but counsel will be permitted to question prospective jurors. The parties must submit any proposed jury questions that they want to ask or to have the Court ask.

Alternatively, the parties may choose to have the assigned magistrate judge select the jury. If the parties want the assigned magistrate judge to select the jury, then all the parties must sign a Consent Form and submit it to the district judge's chambers for approval and referral. A sample Consent Form can be found in Judge DeClercq's Practice Guidelines on the Court's website.

C.      **Jury Instructions**

The parties must meet and confer to discuss jury instructions in advance of the Final Pretrial Conference. At that time, they must make a genuine good faith effort to narrow their disputes and to discuss each instruction collaboratively to reach agreed-upon text. The parties must jointly submit one set of Stipulated Proposed Jury Instructions. At the same time, for any disputed instruction, the parties must separately submit a set of Proposed Alternative Jury Instructions with objections and commentary.

Each jury instruction must be on a separate page and cite the specific legal authority that supports unless one does not exist. Each set of jury instructions must contain a Table of Contents and an Index. The Court has its own standard introductory and concluding instructions, and therefore counsel are directed to concentrate on the jury instructions related to their respective claims and defenses.

D.      **Verdict Forms**

The same directions for Proposed Jury Instructions apply here. A Sample Jury Verdict Form can be found in Judge DeClercq's Practice Guidelines on the Court's website.

E.      **Damages**

The parties must itemize damages. Counsel should stipulate to those items not in dispute. No proofs will be permitted on damages not listed.

F.      **Exhibits**

The parties must meet and confer before the Final Pretrial Conference to discuss the admissibility of each intended physical exhibit. At that time, the parties should have each exhibit available for inspection and must make a genuine good

faith effort to narrow their disputes. This Court requires full disclosure to opposing counsel of all demonstrative evidence, computer generated evidence, and any underlying data.

Once a party has inspected an exhibit that the opposing party is introducing as evidence, the exhibit's evidentiary foundation will be presumptively established unless an objection is filed contesting the exhibit's foundation before the Final Pretrial Conference. The Court will admit all exhibits to which no one has objected. No other exhibits may be offered without leave to do so. Objections to exhibits must be brought to the Final Pretrial Conference. However, this Order will not affect the parties' rights to raise nonfoundational objections to evidence during trial.

When a defendant has been made aware of the existence of the scientific analysis of an exhibit, the results of the analysis and the expert's opinion will be admitted into evidence unless, before the Final Pretrial Conference, the defendant files a motion stating that the scientific analysis of the exhibit will be contested. The motion must state whether the movant wants the expert to be present at the motion hearing.

### G.   Exhibit Lists

The parties must submit an Exhibit List to the Court. To that end, counsel must mark all proposed exhibits *before trial*. The parties may not use the same identifiers for any of their exhibits; each party must use a different consecutive numbering system (i.e., numbers used by one party must not be used by any other party). The preferred method is the traditional "Plaintiff's Exhibit 1" (yellow) and "Defendant's Exhibit A" (blue) stickers, but any clearly marked method is acceptable.

### H.   Trial Briefs

If a party desires to submit a trial brief, it must contain a Summary of Claims and Defenses.  For bench trials, it must also contain any objections to opposing parties' proposed written testimony.

## VII.   Final Pretrial Conference

If a *pro se* party or trial counsel for any represented party fails to appear at the Final Pretrial Conference, the Court may impose appropriate sanctions, including

costs and dismissal of the case or entry of default judgment. *See* [E.D. Mich. Local Rule 16.1(d)](#).

The Court will often hear oral argument and rule on any pending motions *in limine* at the Final Pretrial Conference. The Court will also discuss trial procedures and any issues or deficiencies revealed in the final pretrial order and pretrial submissions.

## VIII. Trial

### A. Trial Schedule

The Court sets a firm trial date in consultation with counsel following the close of discovery and the conclusion of the parties' ADR efforts. The first day of trial will usually commence at 9:00 a.m. ET. All other trial days will typically take place from 8:30 a.m. to 2:00 p.m. ET, without a lunch but with two 20 minute breaks.

### B. Jurors

The Court typically will impanel eight jurors and allow all to deliberate. Unless stipulated by the parties, it is assumed that civil jury verdicts will be unanimous.

### C. Exhibits

All exhibits must be marked and will be received before trial—unless objected to as explained above. They will be considered during trial when proper.

During trial, counsel must track all admitted exhibits. Counsel must confer and consolidate copies of all exhibits that they admitted during trial into a single three ring binder with the exhibit number prominently displayed on the tab for the respective exhibit, with the Exhibit List at the front. Fed. R. Civ. P. 37(c)(1) will apply to all failures to list an exhibit on the Exhibit List. In a jury trial, admitted exhibits should be ready to be given to the jury foreperson before closing instructions so jury deliberations are not delayed.

The parties are encouraged to use electronic projection to present exhibits during trial in a manner that allows the jury, court, attorneys, and parties to view the exhibit simultaneously. If photographs and documentary exhibits are not presented electronically, the party must prepare exhibit books for the Court and each juror. Whether or not exhibits are presented electronically, a separate exhibit book should

be prepared and made available to any witness who is to be questioned about an exhibit.

Failure to adhere to the Court's orders may be subject to sanctions, including preclusion of the introduction of exhibits at trial by the offending party.

### D.    Juror Notes

Jurors typically will be allowed to take notes during trial, but they will receive limiting instructions with respect to their permissible consideration of those notes.

### E.    Trial Record

It is the parties' responsibility to complete the record according to the [E.D. Mich. Local Rules](#) at the conclusion of trial. Any issues that the parties raise to the Court will *not* be considered part of the time allotted for trial.

### F.    Bench Trials

Parties should submit their respective Proposed Findings of Fact and Conclusions of Law three (3) days after either the conclusion of trial or the filing of the certified transcript if ordered.

### G.    Additional Trial Requirements

This list of trial requirements is not exhaustive. Additional requirements may be established during the Final Pretrial Conference.