UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN DRUSKINIS,

                Plaintiff,

vs.

STOPANTISEMITISM.ORG AND
LIORA REZNICHENKO,

                Defendants.

Case No. 2:23-cv-13046
Hon. Susan K. DeClercq

_____/

## DEFENDANTS STOPANTISEMITISM AND LIORA REZNICHENKO'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendants StopAntisemitism[1] and Liora Reznichenko (together, "Defendants"), by and through their undersigned counsel, hereby submit their Answer and Affirmative Defenses to the First Amended Complaint ("First Amended Complaint") filed by Plaintiff John Druskinis ("Plaintiff"). Defendants deny each and every allegation in the First Amended Complaint except as expressly admitted or otherwise responded to herein, and in response to each of the individually numbered Paragraphs of Plaintiff's First Amended Complaint, state as follows:

---

[1] Plaintiff misnames Defendant StopAntisemitism as StopAntisemitism.org. Defendants use the proper entity name throughout this Answer.

1

## PARTIES, JURISDICTION, AND VENUE

1.      On December 4, 2024, the Court dismissed with prejudice all causes of action except for Count I (Defamation), but only as it related to the post stating that Plaintiff spraypainted swastikas. [Dkt. 28.] Accordingly, Defendants admit this purports to be an action for Defamation as limited by the Court and deny this is an action for false light invasion of privacy, tortious interference with contractual business and relations, and intentional infliction of emotional distress. Defendants further specifically deny that they defamed Plaintiff and deny any allegations that suggest liability or wrongdoing by Defendants.

2.      Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 2 of the First Amended Complaint, and, on that basis, deny them.

3.      Defendants admit the allegations in Paragraph 3 of the First Amended Complaint.

4.      Defendants admit the allegations in Paragraph 4 of the First Amended Complaint.

5.      Defendants admit StopAntisemitism is a non-juridical entity. Defendants deny all remaining allegations in Paragraph 5 of the First Amended Complaint.

6.      Defendants admit only that the relief Plaintiff requested in the First Amended Complaint is alleged by Plaintiff to exceed the sum or value of $75,000 but deny that Plaintiff is entitled to any relief.

7.      Defendants admit only that the relief Plaintiff requested in the First Amended Complaint is alleged by Plaintiff to exceed the sum or value of $75,000 and that the parties are diverse, but deny that Plaintiff is entitled to any relief.

8.      Paragraph 8 contains legal conclusions to which no response is required from Defendants. To the extent any response is deemed required, Defendants deny they made defamatory statements. Further, Defendants deny any allegations that suggest liability or wrongdoing by Defendants.

## FACTUAL BACKGROUND

9.      Defendants re-allege and incorporate by reference its responses to paragraphs 1 through 8 above.

10.    Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 10 of the First Amended Complaint, and, on that basis, deny them.

11.    Defendants admit the allegations in Paragraph 11 of the First Amended Complaint.

12.    Defendants admit the allegations in Paragraph 12 of the First Amended Complaint.

3

13.     Defendants admit the allegations in the first sentence of Paragraph 13 of the First Amended Complaint.  As to the remaining allegations in Paragraph 13, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations, and, on that basis, deny them.

14.     Defendants admit the Ann Arbor Police released a statement that included photographs of Plaintiff's graffiti, but deny the remaining allegations in Paragraph 14 of the First Amended Complaint.

15.     Defendants admit Plaintiff attached as Exhibit 1 a post on X dated September 30, 2023. Further answering, Defendants state that the document speaks for itself and that no response is required to the allegations regarding the contents of the document.  To the extent the characterization varies from the actual text of the document, Defendants deny the allegations in Paragraph 15 of the First Amended Complaint.

16.     Defendants admit Plaintiff attached as Exhibit 1 a post on X dated September 30, 2023.  Further answering, Defendants state that the document speaks for itself and that no response is required to the allegations regarding the contents of the document.  To the extent the characterization varies from the actual text of the document, Defendants deny the allegations in Paragraph 16 of the First Amended Complaint.

17.    Defendants admit Plaintiff attached as Exhibit 2 an Article entitled "University of Michigan Athlete Suspended for Antisemitic Graffiti at Jewish Resource Center."  Further answering, Defendants state that the document speaks for itself and that no response is required to the allegations regarding the contents of the document.  To the extent the characterization varies from the actual text of the document, Defendants deny the allegations in Paragraph 17 of the First Amended Complaint.

18.    Defendants admit Plaintiff attached as Exhibit 2 the Article referenced above.  Further answering, Defendants state that the document speaks for itself and that no response is required to the allegations regarding the contents of the document. To the extent the characterization varies from the actual text of the document, Defendants deny the allegations in Paragraph 18 of the First Amended Complaint.

19.    Defendants admit Plaintiff attached as Exhibit 2 the Article referenced above.  Further answering, Defendants state that the document speaks for itself and that no response is required to the allegations regarding the contents of the document. To the extent the characterization varies from the actual text of the document, Defendants deny the allegations in Paragraph 19 of the First Amended Complaint.

20.    Defendants deny the allegations in Paragraph 20 of the First Amended Complaint.

21.     Defendants deny the allegations in Paragraph 21 of the First Amended Complaint.

22.     Defendants state that Exhibit 2 speaks for itself and that no response is required to the allegations regarding the contents of the document.  To the extent the characterization varies from the actual text of the document, Defendants deny the allegations in Paragraph 22 of the First Amended Complaint.

23.     Defendants admit Plaintiff attached as Exhibit 3 the third-party article referencing a map.  Further answering, Defendants state that the document speaks for itself and that no response is required to the allegations regarding the contents of the document.  To the extent the characterization varies from the actual text of the document, Defendants deny the allegations in Paragraph 23 of the First Amended Complaint.

24.     Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 24 of the First Amended Complaint, and, on that basis, deny them.

25.     Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 25 of the First Amended Complaint, and, on that basis, deny them.

26.      As to Paragraph 26 of the First Amended Complaint, no response is required from Defendants. However, Defendants specifically deny that they

defamed Plaintiff and further deny any allegations that suggest liability or wrongdoing by Defendants.

27.    Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 27 of the First Amended Complaint, and, on that basis, deny them.

28.    Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 28 of the First Amended Complaint, and, on that basis, deny them.

29.    Defendants deny the allegations in Paragraph 29 of the First Amended Complaint.

30.    Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 30 of the First Amended Complaint, and, on that basis, deny them.

31.    Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 31 of the First Amended Complaint, and, on that basis, deny them.

32.    Defendants admit that Plaintiff attached as Exhibit 4 a document entitled "Statement on vandalism at JRC."  Further answering, Defendants state that the document speaks for itself and that no response is required to the allegations regarding the contents of the document.  To the extent the characterization varies

from the actual text of the document, Defendants deny the allegations in Paragraph 32 of the First Amended Complaint. Defendants deny any remaining allegations in Paragraph 32 of the First Amended Complaint.

33.    Defendants admit that Plaintiff attached as Exhibit 5 an article from October 5, 2023.  Further answering, Defendants state that the document speaks for itself and that no response is required to the allegations regarding the contents of the document.  To the extent the characterization varies from the actual text of the document, Defendants deny the allegations in Paragraph 33 of the First Amended Complaint.

34.    Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 34 of the First Amended Complaint, and, on that basis, deny them.

35.    Defendants admit the allegations in Paragraph 35 of the First Amended Complaint.  To the extent Paragraph 35 purports to impute liability upon Defendants, Defendants deny any such liability or wrongdoing.

36.    Defendants deny the allegations in Paragraph 36 of the First Amended Complaint and further specifically deny any allegations that suggest liability or wrongdoing by Defendants.

37.    Defendants admit Plaintiff attached as Exhibit 6 a letter and email dated October 3, 2023 addressed to Defendants.  Further answering, Defendants state that

the document speaks for itself and that no response is required to the allegations regarding the contents of the document.  To the extent the characterization varies from the actual text of the document, Defendants deny the allegations in Paragraph 37 of the First Amended Complaint.

38.    Defendants admit that the X.com post was deleted. However, to the extent Paragraph 38 of the First Amended Complaint purports to impute liability upon Defendants, Defendants deny any such liability or wrongdoing.

39.    Defendants admit they removed the Article referenced as Exhibit 2. However, to the extent Paragraph 39 of the First Amended Complaint purports to impute liability upon Defendants, Defendants deny any such liability or wrongdoing.

40.    Defendants admit Exhibit 3 was removed from its website. However, to the extent Paragraph 40 of the First Amended Complaint purports to impute liability upon Defendants, Defendants deny any such liability or wrongdoing.

41.    Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 41 of the First Amended Complaint, and, on that basis, deny them. Defendants further deny that they caused damage or injury to Plaintiff or that they published false and defamatory content as alleged.

42.    Defendants are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 42 of the First Amended Complaint, and, on

that basis, deny them. Defendants further deny that they caused damage or injury to Plaintiff or that they published false and defamatory content as alleged.

43.     Defendants deny the allegations in Paragraph 43 of the First Amended Complaint.

44.     Defendants are without knowledge as to whether Plaintiff did in fact suffer harm or damage, and on that basis deny the allegations set forth in Paragraph 44 of the First Amended Complaint. Defendants further deny they caused any injury or harm to Plaintiff.

45.     Defendants deny the allegations in Paragraph 45 of the First Amended Complaint.

46.     Defendants deny the allegations in Paragraph 46 of the First Amended Complaint.

## COUNT 1 - DEFAMATION

47.     Defendants re-allege and incorporate by reference their responses to the foregoing paragraphs.

48.     Defendants deny the allegations in Paragraph 48 of the First Amended Complaint, including subparagraphs a–g.

49.     Defendants deny the allegations in Paragraph 49 of the First Amended Complaint.

10

50.     Defendants deny the allegations in Paragraph 50 of the First Amended Complaint.

51.     Defendants deny the allegations in Paragraph 51 of the First Amended Complaint.

52.     Defendants admit that the Article states that Plaintiff graffitied antisemitic and homophobic messages onto the Jewish Resource Center in Ann Arbor and further state that the document speaks for itself. Defendants deny the remaining allegations set forth in Paragraph 52 of the First Amended Complaint.

53.     Paragraph 53 contains legal conclusions to which no response is required from Defendants. To the extent a response is required, Defendants deny the allegations in Paragraph 53 of the First Amended Complaint.

54.     Paragraph 54 contains legal conclusions to which no response is required from Defendants. To the extent a response is required, Defendants deny the allegations in Paragraph 54 of the First Amended Complaint.

55.     Paragraph 55 contains legal conclusions to which no response is required from Defendants. To the extent a response is required, Defendants deny the allegations in in Paragraph 55 of the First Amended Complaint.

56.     Defendants deny the allegations in Paragraph 56 that Defendants published defamatory publications.  Defendants admit only that they did not review the police report before their publications.

57.     Defendants deny the allegations contained in Paragraph 57 of the First Amended Complaint.

58.     Defendants deny the allegations contained in Paragraph 58 of the First Amended Complaint.

59.     Defendants deny the allegations in Paragraph 59 of the First Amended Complaint.

60.     Paragraph 60 of the First Amended Complaint contains legal conclusions to which no response is required from Defendants. To the extent a response is required, Defendants deny the allegations in Paragraph 60 of the First Amended Complaint.

61.     Paragraph 61 contains legal conclusions to which no response is required from Defendants. To the extent a response is required, Defendants deny the allegations in Paragraph 61 of the First Amended Complaint.

62.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 62 of the First Amended Complaint, and, on that basis, deny them. To the extent Paragraph 62 of the First Amended Complaint purports to impute liability upon Defendants, Defendants deny any such liability or wrongdoing.

63.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 63 of the First Amended Complaint,

and, on that basis, deny them. To the extent Paragraph 63 of the First Amended Complaint purports to impute liability upon Defendants, Defendants deny any such liability or wrongdoing.

64.    Paragraph 64 contains legal conclusions to which no response is required from Defendants. To the extent a response is required, Defendants deny the allegations contained in Paragraph 64 of the First Amended Complaint.

65.    Defendants deny the allegations set forth in Paragraph 65 of the First Amended Complaint.

66.    Paragraph 66 contains legal conclusions to which no response is required from Defendants. To the extent a response is required, Defendants deny the allegations in Paragraph 66 of the First Amended Complaint.

67.    Paragraph 67 contains legal conclusions to which no response is required from Defendants. To the extent a response is required, Defendants deny the allegations in Paragraph 67 of the First Amended Complaint.

## **COUNT II – FALSE LIGHT INVASION OF PRIVACY**

68.    Defendants re-allege and incorporate by reference its responses to the foregoing paragraphs.

69.    No response is required to the allegations in Paragraph 69 because this Count was dismissed with prejudice. [Dkt. 28 at Pg. ID 498-499.]

13

70.     No response is required to the allegations in Paragraph 70 because this Count was dismissed with prejudice. [*Id*.]

71.     No response is required to the allegations in Paragraph 71 because this Count was dismissed with prejudice. [*Id*.]

72.     No response is required to the allegations in Paragraph 72 because this Count was dismissed with prejudice. [*Id*.]

73.     No response is required to the allegations in Paragraph 73 because this Count was dismissed with prejudice. [*Id*.]

74.     No response is required to the allegations in Paragraph 74 because this Count was dismissed with prejudice. [*Id*.]

75.     No response is required to the allegations in Paragraph 75 because this Count was dismissed with prejudice. [*Id*.]

76.     No response is required to the allegations in Paragraph 76 because this Count was dismissed with prejudice. [*Id*.]

77.     No response is required to the allegations in Paragraph 77 because this Count was dismissed with prejudice. [*Id*.]

78.     No response is required to the allegations in Paragraph 78 because this Count was dismissed with prejudice. [*Id*.]

## COUNT III – TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS

79.     Defendants re-allege and incorporate by reference its responses to the foregoing paragraphs.

80.     No response is required to the allegations in Paragraph 80 because this Count was dismissed with prejudice. [Dkt. 28 at Pg. ID 499-501.]

81.     No response is required to the allegations in Paragraph 81 because this Count was dismissed with prejudice. [*Id*.]

82.     No response is required to the allegations in Paragraph 82 because this Count was dismissed with prejudice. [*Id*.]

83.     No response is required to the allegations in Paragraph 83 because this Count was dismissed with prejudice. [*Id*.]

84.     No response is required to the allegations in Paragraph 84 because this Count was dismissed with prejudice. [*Id*.]

85.     No response is required to the allegations in Paragraph 85 because this Count was dismissed with prejudice. [*Id*.]

86.     No response is required to the allegations in Paragraph 86 because this Count was dismissed with prejudice. [*Id*.]

87.     No response is required to the allegations in Paragraph 87 because this Count was dismissed with prejudice. [*Id*.]

88.     No response is required to the allegations in Paragraph 88 because this Count was dismissed with prejudice. [*Id*.]

89.     No response is required to the allegations in Paragraph 89 because this Count was dismissed with prejudice. [*Id*.]

90.     No response is required to the allegations in Paragraph 90 because this Count was dismissed with prejudice. [*Id*.]

91.     No response is required to the allegations in Paragraph 91 because this Count was dismissed with prejudice. [*Id*.]

92.     No response is required to the allegations in Paragraph 92 because this Count was dismissed with prejudice. [*Id*.]

93.     No response is required to the allegations in Paragraph 93 because this Count was dismissed with prejudice. [*Id*.]

## COUNT IV – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

94.     Defendants re-allege and incorporate by reference its responses to the foregoing paragraphs.

95.     No response is required to the allegations in Paragraph 95 and subparagraphs a-j because this Count was dismissed with prejudice. [Dkt. 28 at Pg. ID 501-502.]

96.     No response is required to the allegations in Paragraph 96 because this Count was dismissed with prejudice. [*Id*.]

97.     No response is required to the allegations in this Paragraph 97 because this Count was dismissed with prejudice. [*Id*.]

98.     No response is required to the allegations in Paragraph 98 because this Count was dismissed with prejudice. [*Id*.]

Defendants deny the allegations in Plaintiff's Prayer for Relief and further deny that Plaintiff is entitled to any relief against Defendants.

## <u>AFFIRMATIVE DEFENSES</u>

1.     The Amended Complaint fails to state a cause of action upon which relief can be granted.

2.     Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

3.     The Amended Complaint fails to identify with the specificity required as a matter of constitutional and Michigan law the particular statements published by Defendants alleged to be actionable in defamation.

4.     The statements complained of in the Amended Complaint are not actionable to the extent they are based on unreasonable implications or innuendo that allegedly arise out of the statements complained of in the Amended Complaint.

5.     Plaintiff's claims fail because Defendants did not intend or endorse any of the allegedly defamatory implications or innuendo allegedly arising out of the statements complained of in the Amended Complaint.

6.     Any implications or innuendo resulting from the allegedly actionable publications are not libelous *per se*.

7.     To the extent Plaintiff seeks damages for reputational and emotional harm in contravention of well-established law, certain of the allegedly actionable statements are not actionable as expressions of opinion and/or rhetorical hyperbole.

8.     To the extent Plaintiff seeks damages for reputational and emotional harm in contravention of well-established law, any statements of fact of which Plaintiff complains are true, and any opinions are based on the facts therein stated.

9.     To the extent Plaintiff seeks damages for reputational and emotional harm in contravention of well-established law, certain of the statements complained of do not imply the existence of undisclosed defamatory facts and constitute protected expression of opinion.

10.     The statements complained of in the Amended Complaint are not actionable to the extent they are not defamatory, are not reasonably capable of a defamatory meaning or susceptible to a defamatory interpretation, and did not defame Plaintiff.

11.     The statements complained of in the Amended Complaint are not actionable to the extent they are not defamatory because they are barred by Michigan's long-standing substantial truth doctrine.

12.     To the extent Plaintiff seeks damages for reputational and emotional harm in contravention of well-established law, the allegedly actionable factual statements are substantially true.

13.     To the extent Plaintiff seeks damages for reputational and emotional harm in contravention of well-established law, Plaintiff cannot carry his burden of proving the material falsity of the allegedly actionable statements.

14.     To the extent Plaintiff seeks damages for reputational and emotional harm in contravention of well-established law, with respect to the subject matter of the alleged injurious falsehoods, Plaintiff is not entitled to recovery because he is a public figure and the statements complained of were published in good faith without actual malice, meaning knowledge of falsity or reckless disregard of probable falsity.

15.     The statements complained of in the Complaint are not actionable to the extent they were made within the sphere of legitimate public interest and/or were reasonably related to matters warranting public exposition.

16.     To the extent Plaintiff seeks damages for reputational and emotional harm in contravention of well-established law, certain of the published statements about which Plaintiff complains are privileged under the common law as fair comment.

17.     To the extent Plaintiff seeks damages for reputational and emotional harm in contravention of well-established law, certain of the published statements

about which Plaintiff complains are privileged by statute and common law as fair and true reports of official proceedings.

18.     To the extent Plaintiff seeks damages for reputational and emotional harm in contravention of well-established law, Defendants acted without fault as required by the Michigan and federal Constitutions in all of their speech and conduct.

19.     To the extent Plaintiff seeks damages for reputational and emotional harm in contravention of well-established law, Defendants acted without the requisite *scienter*, both in the constitutional sense and in the common law sense, in all of their speech and conduct.

20.     To the extent Plaintiff seeks damages for reputational and emotional harm in contravention of well-established law, his causes of action are barred, in whole or in part, by the First and Fourteenth Amendments to the United States Constitution and by applicable law.

21.     Defendants owe no duty in law or equity to Plaintiff.

22.     Plaintiff has not suffered any actual harm or damages as a result or proximate cause of the acts alleged in the Amended Complaint, or as a result or proximate cause of the allegedly actionable statements on which Plaintiff's defamation claims are predicated.

23.     To the extent that Plaintiff has suffered any harm or damages, it is the result of his own actions.

24.     Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

25.     Any injuries or damages incurred by Plaintiff, which Defendants expressly deny, were solely, proximately and directly caused by the acts or statement of others over which Defendants exercised no control.

26.     Any injuries or damages incurred by Plaintiff, which Defendants expressly deny, were solely, proximately and directly caused by the acts, publications, or statements of others upon which Defendants were entitled reasonably to rely and did so rely.

27.     The claims alleged in the Complaint are barred because Plaintiff has not suffered and cannot prove actual injury to reputation.

28.     To the extent Plaintiff seeks damages for reputational and emotional harm in contravention of well-established law, his claims are barred in whole or in part by the incremental harm doctrine.

29.     To the extent Plaintiff seeks damages for reputational and emotional harm in contravention of well-established law, Plaintiff has failed to allege damages with the requisite particularity.

30.     To the extent Plaintiff seeks damages for reputational and emotional harm in contravention of well-established law, Plaintiff has failed to allege special damages with the requisite particularity.

31.   By reason of the First and Fourteenth Amendments to the Constitution of the United States, Plaintiff is precluded from recovering exemplary or punitive damages under the circumstances alleged in the Complaint.

32.   Plaintiff's claims for punitive damages are barred by the Constitution of the State of Michigan and the common law.

33.   The statements complained of in the Complaint cannot be the basis for a claim of exemplary or punitive damages as a matter of law because they were not published with both knowledge of falsity or reckless disregard of probable falsity, and common law malice.

34.   Plaintiff's claims for punitive damages cannot be sustained because he fails to allege facts sufficient to warrant the imposition of punitive damages.

35.   Plaintiff's claims fail because he has failed to mitigate any alleged injury or damages, which injury or damages Defendants expressly deny.

36.   Defendants hereby give notice that, due to their incomplete knowledge as to the matters set forth in the Complaint, they are unable to determine whether they have additional defenses not expressly enumerated in the preceding paragraphs or elsewhere in this Answer. Defendants thus reserve their right to amend their Answer, to assert additional defenses and to rely upon those additional defenses to the extent they become available or apparent during discovery or further proceedings in this action.

**WHEREFORE**, Defendants pray as follows:

1.     That Plaintiff take nothing by virtue of Complaint herein and that this action be dismissed in its entirety;

2.     That Defendants be awarded their costs and disbursements herein, including reasonable attorneys' fees; and,

3.     That Defendants be granted such other and further relief as the Court may deem just and equitable.

Dated: December 27, 2024

By: /s/ Andrew M. Pauwels
Andrew M. Pauwels (P79167)
Jalen R. Farmer (P86859)
Honigman LLP
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226-3506
(313) 465-7290
apauwels@honigman.com
jfarmer@honigman.com

Michael J. Grygiel
Greenberg Traurig, LLP
54 State Street, 6th Floor
Albany, NY 12207
(518) 689-1400
grygielm@gtlaw.com

*Attorneys Pro Bono Publico for Defendants*

Respectfully submitted,

Scott J. Bornstein
Greenberg Traurig, LLP
One Vanderbilt Avenue
New York, NY 10017
(212) 801-9200
scott.bornstein@gtlaw.com

Bradford D. Kaufman
Greenberg Traurig, P.A.
777 South Flagler Drive, Suite 300 East
West Palm Beach, FL 33401
(561) 650-7900
kaufmanb@gtlaw.com

Sabrina R. Gallo (*application for admission forthcoming*)
Kaley R. Jaslow (*application for admission forthcoming*)
Greenberg Traurig, P.A.
333 S.E. 2nd Avenue, Suite 4400
Miami, Florida 33131
(305) 579-0533
sabrina.gallo@gtlaw.com
jaslowk@gtlaw.com

23

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 27 2024, I electronically filed the foregoing pleading using the CM/ECF system which will send notice of electronic filing to all counsel of record.

/s/ *Andrew M. Pauwels*
Andrew M. Pauwels

Dated:  December 27, 2024